UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
HIMZO ZIGA, and
NURA ZIGA,

                              Case No.: 18-cv-57

                       Plaintiffs,

    - against -                          **COMPLAINT**

INTERNATIONAL CENTER FOR
TRANSITIONAL JUSTICE INC.

                       Defendant.
-------------------------------------------------------x

Plaintiffs, HIMZO ZIGA and NURA ZIGA, by and through their attorneys, MOORE INTERNATIONAL LAW PLLC, as and for their Complaint, allege as follows:

### *NATURE OF THE ACTION*

1) This is a suit for damages brought by Plaintiff, Himzo Ziga, the father of the decedent, Himzir Ziga, and Plaintiff, Nura Ziga, the mother of the decedent, (collectively, "Plaintiffs"), against the decedent's employer, Defendant, International Center for Transitional Justice Inc., ("Defendant" or "ICTJ"), arising out of the Defendant's negligence involving the posting of the decedent to its office in Cote d'Ivoire, and the contracting of the disease of Malaria in Cote d'Ivoire during the business trip, and subsequent illness and death of the decedent from Malaria.

### *THE PARTIES*

2) The decedent Himzir Ziga was a French citizen residing and domiciled at rue des Eburons, 34, Brussels, Belgium, and did not leave any spouse or children upon his death. The decedent left next of kin, his father, Plaintiff, Himzo Ziga, and his mother, Plaintiff, Nura Ziga,

both Bosnian citizens, and residents of and domiciled at 312 Avenue de Colmar, F-67100 Strasbourg, France.

3) Defendant, ICTJ, is a not-for-profit corporation organized under the laws of the State of Delaware, and is registered in the State of New York as a foreign not-for-profit corporation, with its principal office in the County of New York at 40 Fulton Street 20th Floor, New York, New York, 10038, having New York Department of State Identification No. 2700779.

*JURISDICTION AND VENUE*

4) This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy is relief requested by Plaintiff of monetary damages in excess of the jurisdictional sum of $75,000, exclusive of costs and interest.

5) Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1).

*FACTUAL BACKGROUND*

6) At all relevant times, ICTJ was and is a non-profit corporation specializing in the field of transitional justice headquartered at its principal office at 40 Fulton Street, 20th Floor, New York, New York, 10038, ("ICTJ headquarters"), with offices at 5 Hanover Square, 24th Floor, New York, New York, 10004, ("the Hanover office"), and small field offices in a number of foreign countries, including two relevant to the complaint, at Square de l'Aviation 7/A, 1070 Brussels, Belgium, ("the Belgium office"), and at Cocody Les II Plateaux, Immeuble Les Dunes, 2eme Etage, Avenue Emile Boga Doudou, Abidjan, Cote d'Ivoire, ("the Cote d'Ivoire office"). All ICTJ foreign field offices, including the Belgium and Cote d'Ivoire offices, are composed of skeletal staff of one or two people, and are purely extensions of ICTJ headquarters in New York,

fully and completely owned and controlled by ICTJ headquarters, with communication and directives from ICTJ headquarters issued daily.

7) The decedent Himzir Ziga was born on May 31, 1974 and died on January 13, 2016, both in Strasbourg, France. The deceased first became employed by ICTJ in New York in 2001 when ICTJ was first organized as a not-for-profit corporation and began doing business in New York. All manner of employee relations, including employment contracts and employee training, was conducted in-person at ICTJ headquarters in New York. At the time of his death, decedent Himzir Ziga was employed as a financial auditor by ICTJ and was posted to the ICTJ Brussels office under contract at least since July 28, 2014, where the deceased was one of two employees, and communicated daily with ICTJ headquarters. The decedent's financial auditing work included data involving the ICTJ headquarters' finances and employees.

## CAUSE OF ACTION

### Count I
### (Wrongful Death Claim)

8) The Defendant did owe a duty under the laws of New York to warn Himzir Ziga of the deadly health dangers of travel to its Cote d'Ivoire office, and did breach said duty by failing to so warn.

9) The Defendant did owe a duty of care under the laws of New York to Himzir Ziga to not cause and to prevent physical and psychological injury relating to the deadly health effects of travel to its Cote d'Ivoire office:

    (a) To clearly define the job and risk assessment of the health dangers of travel to and working at its Cote d'Ivoire office,

    (b) To ensure a safe work environment relating to the health dangers of travel to and working at its Cote d'Ivoire office,

(c) To provide adequate training and feedback relating to the health dangers of travel to and working at its Cote d'Ivoire office,

(d) To ensure access to adequate medical assistance relating to the health dangers of travel to and working at its Cote d'Ivoire office,

(e) To provide an area for rest and relaxation relating to the health dangers of travel to and working at its Cote d'Ivoire office,

(f) To provide adequate communication channels to raise concerns relating to the health dangers of travel to and working at its Cote d'Ivoire office,

(g) To consult with Himzir Ziga about any concerns relating to the health dangers of travel to and working at its Cote d'Ivoire office,

The Defendant did breach said duty of care by failing to do everything that was reasonable in the circumstances to keep Himzir Ziga safe from harm.

10) At all relevant times, the ICTJ knew or should have known that the United States Centers for Disease Control warned and warns there is a risk to travelers to Cote d'Ivoire of contracting Yellow Fever, Hepatitis A, Malaria, and Typhoid, among other serious and deadly diseases, and further warns that prescription medicine is required before, during, and after a traveler's trip to Cote d'Ivoire to prevent Malaria.

11) In November 2015, ICTJ headquarters dispatched the decedent Himzir Ziga on a business trip to its Cote d'Ivoire office, and the decedent made the trip. At no time did ICTJ prepare the decedent in accordance with its duty to warn and duty of care involving the deadly health dangers of travel to and working at its Cote d'Ivoire office, and the decedent was not medically prepared for the trip and was not prescribed any medications before, during, or after

4

the trip relating to Malaria, until the decedent was later admitted to, diagnosed with Malaria, and died at the Strasbourg Civil Hospital in France.

12)   In December 2015, the decedent Himzir Ziga returned to the Brussels, Belgium office.

13)   On or about two days after returning to the Brussels office, the decedent Himzir Ziga fell ill and was treated by a Belgium physician only with Ibuprofen, and the decedent was unable to go to work.

14)   After the decedent Himzir Ziga's health continued to deteriorate, the decedent was taken by his brother, Nurvedin Ziga, to his parents' home in Strasbourg, France, where the decedent was admitted to the Strasbourg Civil Hospital, diagnosed with Malaria disease, and died on January 13, 2016. Himzir Ziga had contracted Malaria in Cote d'Ivoire during said business trip.

15)   By reason of the foregoing, the decedent Himzir Ziga was caused to and did sustain serious personal injuries and death.

16)   The contracting of the disease of Malaria, personal injuries, and death sustained by the decedent Himzir Ziga resulting therefrom were caused soley by the negligence of the Defendant, ICTJ, and without any negligence on the part of the decedent contributing thereto.

17)   As a result of the personal injuries and death sustained by the decedent Himzir Ziga, Plaintiffs are entitled to recover for economic losses.

18)   As a result of contracting Malaria, the decedent Himzir Ziga suffered serious injuries to various parts of his body, suffered great pain and anguish in body and mind from the time of contracting Malaria to the time of his death which was caused by contracting Malaria, necessarily received hospital care in connection with contracting Malaria, necessarily received

5

medical treatment and medicines in connection with contracting Malaria, for which medical expenses were incurred; and his injuries were permanent, protracted, disabling in nature, and fatal.

19) As a result of the foregoing, the decedent Himzir Ziga was so grievously and seriously ill that the decedent died as a result from contracting Malaria.

20) That at the time of his death, the decedent Himzir Ziga left Plaintiffs, his surviving family, kin and heirs at law.

21) That prior to his death, decedent Himzir Ziga was a healthy man, who attended and was able to perform his usual duties, and who contributed to the economic support and services of his parents, and by virtue of his wrongful death his parents were deprived of his comfort and society and of his support and services, and they have been otherwise peculiarly damaged as a result of the aforesaid wrongful death of the decedent Himzir Ziga.

22) By reason of the foregoing, Plaintiffs, the next of kin of the decedent Himzir Ziga, have been damaged in an amount in excess of the jurisdictional amount of $75,000 of this Court, exclusive of interest and costs, and in an amount to be determined at trial together with costs and disbursements of this action, plus 9% interest from the decedent's date of death, and with such other and further relief as the Court may deem just and proper.

### *PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiffs demand judgment against the Defendant in an amount in excess of the jurisdictional amount of $75,000 of this Court, exclusive of interest and costs, and in an amount to be determined at trial.

## *JURY DEMAND*

PLAINTIFFS demand a trial by jury on all issues so triable.

Dated: New York, New York
January 3, 2018

MOORE INTERNATIONAL LAW PLLC.

/s/  Scott M. Moore
By: _____
Scott Michael Moore, Esq.
*Attorneys for Plaintiffs*
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
T. (212) 332-3474
F. (212) 332-3475
E. smm@milopc.com

7