USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

HIMZO ZIGA, NURA ZIGA, and
ALMEDINA SAPHIC, *administrator of the
goods, chattels and credits of Himzir Ziga*,

           Plaintiffs,

-against-

INTERNATIONAL CENTER FOR
TRANSITIONAL JUSTICE INC.,

           Defendant.

------------------------------------------------------------ x

1:18-CV-00057 (ALC)

**OPINION & ORDER
ADOPTING REPORT AND
RECOMMENDATION**

**ANDREW L. CARTER, JR., District Judge:**

Before the Court are objections to the Report and Recommendation (the "Report") issued by Magistrate Judge Robert W. Lehrburger. *See Report and Recommendation*, dated April 25 2019, ECF No. 55. In the Report, Judge Lehrburger recommends that the Defendant's motion to dismiss on the grounds of forum non conveniens be granted subject to certain conditions. For the reasons set forth below, the Court modifies in part and otherwise adopts the Report.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C). Following the filing of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days of being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). When a district court evaluates a magistrate judge's report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In particular, the district court "may adopt those portions of the

report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y.2012) (citing Fed.R.Civ.P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)).

By contrast, a reviewing court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). This does not hold true, however, when a party makes only conclusory or general objections or "simply reiterates his original arguments." *Phillips v. Girdich*, 03 Civ. 3317, 2009 WL 1868608, at *2 (S.D.N.Y. June 23, 2009). In such a case, the Court reviews the Report only for clear error. *Id.* Additionally, "new claims may not be raised properly at this juncture," so any "new claims, presented in the form of, or along with, 'objections,' should be dismissed." *Pierce v. Mance*, 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009).

## DISCUSSION

### I. Factual Objections

Plaintiffs raise a number of objections to factual characterizations in the Report. Specifically, Plaintiffs indicate the following were errors of fact: the spelling of the decedent's father's name; the characterization of the relationship between ICTJ and its affiliate organizations; the failure to state the decedent's employment contract lacks a duty of travel; the inclusion of a contested fact concerning compensation following Ziga's death; the characterization of the need to establish a decedent's estate in New York; the characterization of Defendant's Exhibit N; and the characterization of the status of discovery. Because Plaintiffs'

2

objections reiterate their original arguments about the relationship between ICTJ and its affiliate organization and the status of discovery, the Court reviews both objections for clear error. Having found no clear errors in Judge Lehrburger's factual determinations, the Court overrules both objections. The Court reviews the remaining factual objections de novo.

While the factual objections related to the spelling of the decedent's father's name, the characterization of the decedent's employment contract and the alleged compensation are accurate, they are immaterial to the legal analysis of Defendant's forum non conveniens claim. The Report, nevertheless, is modified as follows. First, the spelling of the decedent's father's name on the third page of the report is updated to "Himzo." Second, the report is modified to reflect that the decedent's employment contract does not include travel as an employment duty. Third, the Report is modified to exclude the allegation that the decedent received 9,750 Euros following his death. The remaining two objections, however, are overruled. The Court agrees with Judge Lehrburger's characterization of Exhibit N. Lastly, Plaintiffs' objection concerning the necessity to establish a decedent's estate in New York is without merit. The Report clearly states that "a wrongful death claim must be brought by a personal representative of the estate." Report at 19. To the extent this objection concerns legal conclusions related to forum shopping, the Court will address these below.

## II. Legal Objections

### a. Legal Standard

Plaintiffs claim that the Report's Legal Framework section erred by failing to articulate that the burden of proof for forum non conveniens claims lies with the Defendant. The Court reviews the legal standard de novo. Although Plaintiffs are correct in arguing that the Legal Framework section does not explicitly discuss burden of proof, the subsequent discussion

correctly articulates and/or applies the burden of proof at each stage of the forum non-conveniens test. Accordingly, Plaintiffs' objection to the Legal Framework section is overruled.

### b. Discussion

Plaintiffs raise the following objections to conclusions in the legal analysis section: ascribing moderate deference to Plaintiffs' choice of forum; determining that Belgium is an adequate alternative forum; weighing the private interest factors in Defendant's favor; and weighing the public interest factors in Defendant's favor. Because Plaintiffs reiterate arguments addressed in their original pleadings, the Court will apply a clear error standard to the objections related to the adequacy of Belgium as a forum, the private interest factors and the public interest factors. Having found no clear errors in Judge Lehrburger's legal conclusions, the Court overrules the aforementioned three objections. The Court reviews the remaining objection de novo.

Generally, a district court has broad discretion to dismiss a claim "when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (alterations omitted). The Second Circuit has "outlined a three-step process to guide the exercise of that discretion":

> At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

*Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73-74 (2d Cir. 2001) (en banc)).

"[A] court reviewing a motion to dismiss for forum non conveniens should begin with the assumption that the plaintiff's choice for forum will stand." *In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 251 (S.D.N.Y.2011) (quoting *Iragorri*, 274 F.3d at 71). "However, 'the degree of deference given to a plaintiffs forum choice varies with the circumstances,'" *id.* (quoting *Iragorri*, 274 F.3d at 71), and "the greatest deference is [usually] afforded a plaintiff's choice of home forum." *Norex Petroleum*, 416 F.3d at 153 (citing *Iragorri*, 274 F.3d at 71).

"In assessing the proper measure of deference," courts look to several factors, including, "the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district," and whether plaintiff's choice was motivated by tactical forum shopping. *In re Optimal*, 837 F. Supp. 2d at 250-51. Ultimately,

> the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be to gain dismissal whereas the more it appears that the plaintiffs choice of a U.S. forum was motivated by forum-shopping reasons the less deference the plaintiff's choice commands.

*Id.* (quoting *Palacios v. Coca-Cola Co.*, 757 F. Supp. 2d 347, 352 (S.D.N.Y. 2010)) (quotation marks and ellipses omitted). Evidence considered in assessing whether a party was motivated by forum shopping include: "(1) attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, (2) the habitual generosity of juries in the United States or in the forum district, (3) the plaintiff's popularity in the region, or (4) the inconvenience and expense to the defendant resulting from litigation in that forum." *Norex*, 416 F.3d at 155 (citing *Iragorri*, 274 F.3d at 72).

Here, the Court agrees with Magistrate Lehrburger's conclusion that moderate deference should be given to Plaintiffs' choice of forum for three primary reasons. First, Plaintiffs have not

filed suit in their home forum. In fact, the decedent was a French citizen residing in Belgium, his parents are Bosnian citizens residing in France, and the administrator is a US citizen residing in Missouri. In other words, none of the Plaintiffs reside in the forum and accordingly this factor weighs against New York being the appropriate forum. *See Wilson v. ImageSat Int'l N.V.*, No. 07 Civ. 6176, 2008 WL 2851511, at *4 (S.D.N.Y. July 22, 2008) (holding plaintiffs' choice of New York as a forum is "entitled to some, but minimal, deference" where approximately half of plaintiffs were connected to the United States, only two of the Plaintiff's were connected to New York and the relevant events took place abroad).

Second, although the Defendant is headquartered in New York, the majority of witnesses and evidence do not appear to be located in New York. Instead, for the reasons explained by Judge Lehrburger, most of the evidence and witnesses appear to be located in foreign countries—namely Belgium, France and Cote D'Ivoire—where the decedent lived, worked, contracted malaria, and was treated; the decedent's distributees also reside in a foreign country. *See Niv v. Hilton Hotels Corp.*, 710 F.Supp. 2d 328, 343 (S.D.N.Y. 2008) (concluding New York was an inappropriate forum because most of the relevant evidence and witnesses were located in foreign countries even though there was evidence that the defendant was domiciled in the United States).

Third, Magistrate Lehrburger correctly concluded that Plaintiffs' chosen forum suggests they were motivated by tactical foreign shopping. Indeed, both the decedent and the events giving rise to this suit have relatively limited connections to New York. *See Herald v. Kohn*, 540 F. App'x 19, 26-27 (2d Cir. 2013) (affirming dismissal based on forum non conveniens where there was evidence to suggest forum shopping because the plaintiffs had little to no connection to the United States). Furthermore, as indicated in Exhibit N, an American forum would allow for

greater recovery. S*ee Varnelo v. Eastwind Transp.*, 2003 U.S. Dist. LEXIS 1424, at *34, 117 (S.D.N.Y. Feb. 3, 2003) (finding plaintiffs clearly engaged in forum shopping where plaintiffs admitted their recovery would be much greater in a New York court and the case had little connection to the United States). Lastly, the evidence surrounding the timing of the Complaint and the appointment of the administrator similarly support the conclusion that the Plaintiffs engaged in tactical maneuvering. The Court need not consider Plaintiffs' objections to the Court's application of *Mayer* because Plaintiffs raise new arguments. *See Gonzalez v. Garvin*, 99 Civ. 11062, 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) (dismissing the petitioner's objection "because it offers a new legal argument that was not presented in his original petition, nor in the accompanying Memorandum of Law.").

## CONCLUSION

For the reasons set forth above, the Report is modified in part and otherwise adopted. Accordingly, Defendant's motion to dismiss is **GRANTED** subject to the following conditions: "(1) Defendant consents to the jurisdiction of the appropriate Belgian courts (which ICTJ-NY already has provided); (2) Defendant agrees to waive any statute of limitations defense that has arisen since the commencement of this action in the Southern District of New York (which ICTJ-NY already has provided); and (3) the Belgian courts' willingness to exercise jurisdiction over Defendant." Report at 34–35.

Dated: September 27, 2019
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

7